United States District Court
Southern District of Texas
FILED

AUG - 6 2008

Michael N. Milby, Clerk

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS

In Re:                                          §          Case No. <u>01-37276</u>
                                                §
RSG Construction Inc                            §
                                                §
                                                §
           Debtor(s).                           §

## Application for Payment of Unclaimed Funds and
## Certificate of Service

1.      I am making application to receive  <u>$29,028.74</u>        , which was deposited as unclaimed funds on behalf of
   <u>NES EQUIPMENT SERVICES</u>
   (*name of original creditor/debtor*).

2.      Applicant is entitled to receive the requested funds, has made sufficient inquiry and has no knowledge
that any other party may be entitled to, and is not aware of any dispute regarding the funds at issued based upon
the following (*check the statement(s) that apply*):

☐       a.      Applicant is the creditor/debtor named in paragraph 1, and the owner of the funds appearing on the
                records of this Court, as evidenced by the attached documents.

☐       b.      Applicant is the attorney in fact for the creditor/debtor named in paragraph 1, with authority to
                receive such funds, or who is authorized by the attached original Power of Attorney to file this
                application on behalf of the creditor/debtor.

☒       c.      Applicant is the assignee or successor-in-interest of the creditor/debtor named in paragraph 1, or
                the representative of the assignee or successor-in-interest, as evidenced by the attached documents
                establishing chain of ownership and/or assignment.

☐       e.      Applicant is the representative of the estate of the deceased creditor/debtor named in paragraph 1,
                as evidenced by the attached certified copies of death certificate and other appropriate probate
                documents substantiating applicant's right to act on behalf of the decedent's estate.

☐       f.      None of the above apply.  As evidenced by the attached documents, applicant is entitled to these
                unclaimed funds because:

        _____

        _____

3.       I understand that pursuant to 18 U.S.C. §152, I could be fined no more that $5,000, or imprisoned not more than five years, or both, if I have knowingly and fraudulently made any false statements in this document or accompanying supporting documents.  I further understand that any indications of fraud detected by the Court will be turned over to the U.S. Attorney for possible prosecution.

4.       I declare under penalty of perjury under the laws of the United States of America that the foregoing statements and information are true and correct.

Dated:  Aug. 4, 08

Applicants Signature:

Applicants Name:  Michael J. Sullivan
                  Sierra Funds Recovery, Inc.

Address          10123 Main Place, Ste. B
                  Bothell WA  98011

Phone:          (425) 605.3550

Subscribed and sworn before me this  4  day of  AUG 2008  .

Notary Public

State of  Washington

My commission expires  2\|13\|2011

Attachments:     1.  Exhibit A:  Original Limited Power of Attorney (Authority to Act)
                2.  Exhibit B:  History of Creditor
                3.  Exhibit C:  Affidavit of Claimant
                4.  Exhibit D:  Franchise tax corporate status
                5.  Exhibit E:  List of Officer's & Directors
                6.  Exhibit F:  Asset Purchase Agreement
                7.  Exhibit G: Business card & Photo Identification of signatory (personal data obscured for privacy reasons)

### Certificate of Service

I certify that on  Aug. 4, 08  (date), a true and correct copy of this application for payment of unclaimed funds was served by first class United States Mail on the following:

U.S. Attorney
P.O. Box 61129
Houston, TX  77208

U.S. Trustee
515 Rusk Ave., Ste.3516
Houston, TX  77002

Other:

## AUTHORITY TO ACT – AGENT AGREEMENT
### (Limited to One Transaction)

1.  **_United Rentals(North America), Inc._** ("hereafter CLIENT") successor in interest to **NES EQUIPMENT SERVICES** appoints Sierra Funds Recovery, Inc., acting through its staff, as its Lawful Attorney In Fact, for the limited purpose of recovering, receiving and obtaining information pertaining to the claim of **_NES EQUIPMENT SERVICES_** , of an outstanding total amount of **$29,028.74** in unclaimed funds held by a government agency or authority for the case of: **01-37276   RSG Construction Inc.**

2.  Sierra Funds Recovery, Inc. may not make any expenditure or incur any costs on behalf of CLIENT without CLIENT'S written consent.

3.  CLIENT grants Sierra Funds Recovery, Inc. authority to complete all actions legally permissible and reasonably necessary to recover the unclaimed funds.  This limited authority includes the right to endorse and negotiate any instrument of payment.  CLIENT authorizes the use of a photocopy of this authorization to act in lieu of the original if required.

4.  This appointment is specifically limited to the collection and disbursement of the above named funds. It shall become effective on the date signed below and shall be terminated upon the receipt of funds recovered by Sierra Funds Recovery, Inc.  CLIENT reserves the right to revoke this Authority to Act at any time by written notification.

Signed this _25th_ day of _July_ , 200_8_

By: _Thomas E Dickes_

      Thomas E. Dickes, National Legal Accounts Manager

Tax Identification No: _06-1493538_

| Affix Corporate Seal here (if unavailable, sign statement to the right) | Be it acknowledged, that the undersigned hereby says under oath that the corporate seal for this company is unavailable to the undersigned. By: _Thomas E Dickes_ |
| --- | --- |

### NOTARY ACKNOWLEDGMENT

State of _NEW YORK_ )        County of _GENESEE_ )

Before me, the person named above, personally appeared and acknowledged to me that he/she is the person whose name is subscribed within the instrument and acknowledged that the execution thereof to be his/her free act.  Identification for the above named was (please check the appropriate box):

☐  Driver's License (or specify other identification type _____ )
☒  Personally Known

**Notary Seal**

Signed this _25_ day of _July_ , 200_8_

Notary Public Signature: _Carol A Wolfley_

Residing At _BATAVIA, N.Y._       My Commission Expires _April 30, 2011_

CAROL A. WOLFLEY
NOTARY PUBLIC, State of New York
Qualified in Genesee Co.
Commission Expires April 30, 2011

1

| Exhibit B: |
|---|
| **History of Creditor** |

The following is the creditor's (or successor in interest to the creditor) current address, contact, phone number and a brief history of the creditor from filing of the creditor's claim to present.

The court lists the following information for this claimant:

> NES EQUIPMENT SERVICES
> P O BOX 4155
> HOUSTON TX 77241

That information is incomplete or no longer correct.  The following is the current address, contact and telephone number:

Current Address:

> United Rentals (North America), Inc.
> 45 Center Street
> Batavia  NY  14020

Current Phone:  585-344-2834

Creditors History:  The claimant named above is the rightful claimant to these funds as evidenced by the attached Exhibits.  The claimant purchased all assets of the original creditor, National Equipment Services, Inc. (NES Equipment Services) from NES Companies, L.P.  The acquired assets include the account of the debtor.  A transfer of claim from the original creditor to claimant has been filed with the court.  United Rentals (North America), Inc. is now entitled to these funds.

Authorization to act as the claimant's agent is shown by Exhibit A.  Exhibit C is a sworn affidavit of the claimant asserting ownership of these funds.  Exhibit D is the Corporate Franchise Tax Status of the claimant from the Secretary of State for Texas.  Exhibit E is the list of officer's and directors currently on file with the Secretary of State for Texas.  Exhibit F is the asset purchase agreement which transferred the rights to these funds to the claimant. See Exhibit C of this agreement which specifies assumed contracts.  Exhibit G identifies the signatory, Thomas Dickes, by his business card and New York Driver License.

The following attached Exhibits support this claim:

> Exhibit A:  Original Limited Power of Attorney (Authority to ACT)
> Exhibit B:  History of Creditor (this document)
> Exhibit C:  Affidavit of Claimant
> Exhibit D:  Franchise tax corporate status
> Exhibit E:  List of Officer's & Directors
> Exhibit F:  Business card & Photo Identification of signatory (personal data obscured
> for privacy reasons)

**EXHIBIT   B**

**Page   1   of   /**

## Affidavit of Claimant

I, <u>Thomas E. Dickes</u>, <u>National Legal Accounts Manager</u>, of <u>United Rentals(North America), Inc.,</u> (the Company) under the penalty of perjury of the laws of the United States of America declare (or certify, verify or state) the following statements are true and correct:

1. In my position within the Company, I am qualified to sign on behalf of the Company and I am knowledgeable of the company history.

2. The company is, to the best of my knowledge, the entitled claimant to the unclaimed funds referenced in this application.

3. The Company is the successor in interest to NES Equipment Services and is now entitled to funds owed to NES Equipment Services. The Company has acquired all assets of NES Trench Shoring including this account. This transaction occurred (approximately) in June 2002.

4. The Company has authorized <u>Sierra Funds Recovery, Inc.</u> to represent our interests and manage the recovery of an outstanding unclaimed fund amount of <u>$29,028.74</u> resulting from the bankruptcy of (Debtor) <u>RSG Construction Inc</u>

5. The company's current contact information is as follows:

   Attention   <u>Thomas E. Dickes</u>

   Address   <u>45 Center Street</u>

   <u>Batavia, NY 14020</u>

   Phone   <u>585-344-2834 Ext: 132</u>

Signed this <u>25th</u> day of <u>July</u>, 200<u>8</u>
Signature   *Thomas E Dickes*

| **Affix Corporate Seal here** (if unavailable, sign statement to the right) | Be it acknowledged, that the undersigned hereby says under oath that the corporate seal for this corportion is unavailable. By: *Thomas E Dickes* |
|---|---|

### NOTARY ACKNOWLEDGMENT

State of <u>New York</u>  )                 County of <u>Genesee</u>  )

Before me, the person named above, personally appeared and acknowledged to me that he/she is the person whose name is subscribed within the instrument and acknowledged that the execution thereof to be his/her free act. Identification for the above named was (please check the appropriate box):

☐ Driver's License (or specify other identification type _____ )       **Notary Seal**

☒ Personally Known

Signed this <u>25</u> day of <u>July</u>, 200<u>8</u>

Notary Public Signature: *Carol A Wolfley*

Residing At <u>Batavia</u>, <u>N.Y.</u>       My Commission Expires <u>April 30, 2011</u>

CAROL A. WOLFLEY
NOTARY PUBLIC, State of New York
Qualified in Genesee Co.
Commission Expires April 30, 2011

  Window on State Government

Susan Combs Texas Comptroller of Public Accounts

Taxable Entity Search Results

# Franchise Tax Certification of Account Status

## This Certification Not Sufficient for Filings with Secretary of State

Do **not** include a certificate from this Web site as part of a filing with the Secretary of State for dissolution, merger, withdrawal, or conversion. The Secretary of State will reject a filing that uses the certification from this site.

To obtain a certificate that is sufficient for dissolution, merger, or conversion, see Publication 98-336d, Requirements to Dissolve, Merge or Convert a Texas Entity.

| Certification of Account Status | Officers And Directors Information |
|---|---|

Entity Information:

**UNITED RENTALS (NORTH AMERICA), INC
DBA UNITED EQUIPMENT RENTALS (NORTH AMERICA), INC.**
12802 TAMPA OAKS BLVD STE 350
TEMPLE TER, FL 33637-1916

Status:

**IN GOOD STANDING NOT FOR DISSOLUTION OR WITHDRAWAL through May 15, 2008**

Registered Agent:

CORPORATION SERVICE COMPANY
DBA CSC - LAWYERS INCO
701 BRAZOS STREET, SUITE 1050
AUSTIN, TX 78701

Registered Agent Resignation Date:

State of Formation: DE

File Number: 0012908806

SOS Registration Date: October 19, 1999

Taxpayer Number: 10614935384

Texas Online | Statewide Search from the Texas State Library | State Link Policy | Texas Homeland Security

**Susan Combs**, Texas Comptroller • Window on State Government • Contact Us
Privacy and Security Policy | Accessibility Policy | Link Policy | Public Information Act | Compact with Texans





Window on State Government                    Susan Combs  Texas Comptroller of Public Accounts



Taxable Entity Search Results

# Officers and Directors

UNITED RENTALS (NORTH AMERICA), INC

## UNITED EQUIPMENT RENTALS (NORTH AMERICA), INC.

Return to: Taxable Entity Search Results

Officer and director information on this site is obtained from the most recent Public Information Report (PIR) processed by the Secretary of State (SOS). PIRs filed with annual franchise tax reports are forwarded to the SOS. After processing, the SOS sends the Comptroller an electronic copy of the information, which is displayed on this web site. The information will be updated as changes are received from the SOS.

You may order a copy of a Public Information Report from open.records@cpa.state.tx.us or Comptroller of Public Accounts, Open Government Division, PO Box 13528, Austin, Texas 78711.

| Title: | Name and Address: | Expiration/Resignation Date: |
|--------|-------------------|------------------------------|
| VICE PRESI | CRAIG A PINTOFF<br>20 OAKDALE DRIVE<br>HASTINGS ON HUDSON , NY | |
| TREASURER | IRENE MOSHOURIS<br>2 BAY CLUB DRIVE #19U<br>BAYSIDE , NY 11360 | |
| VICE PRESI | JOHN J FAHEY<br>15 ROARING BROOK LANE<br>HUNTINGTON , CT 06484 | |
| ASSISTANT | JOLI LYN GROSS<br>14 SUNSHINE AVENUE<br>RIVERSIDE , CT 06878 | |
| VICE PRESI | KURTIS T BARKER<br>540 RIDGEBURY ROAD<br>RIDGEFIELD , CT 06877 | |
| CFO | MARTIN E WELCH III<br>7318 POINT OF ROCKS ROAD<br>SIESTA KEY , FL | |
| PRESIDENT | MICHAEL J KNEELAND<br>320 STAMFORD AVENUE<br>STAMFORD , CT 06902 | |
| VICE PRESI | RAYMOND J ALLETTO<br>109 LONDONBERRY TERRACE | |

Certificate of Account Status - Officers and Directors

SOUTHLAKE , TX 76092

*SECRETARY*    **ROGER E SCHWED**
225 WEST 106TH STREET
NEW YORK , NY 10025

Texas Online  |  Statewide Search from the Texas State Library  |  State Link Policy  |  Texas Homeland Security

**Susan Combs**, Texas Comptroller  •  Window on State Government  •  Contact Us
Privacy and Security Policy  |  Accessibility Policy  |  Link Policy  |  Public Information Act  |  Compact with Texans

Page 2 of 2

ASSET PURCHASE AGREEMENT

among

NATIONAL EQUIPMENT SERVICES, INC.,

NES COMPANIES, L.P.

and

UNITED RENTALS (NORTH AMERICA), INC.

June 30, 2002


page 1 of 6

D-1031876.3

# ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement") is entered into as of June 30, 2002 (the "Closing Date"), by and among United Rentals (North America), Inc., a Delaware corporation ("Buyer"), on the one hand, and National Equipment Services, Inc., a Delaware corporation (the "Company"), and NES Companies, L.P., a Delaware limited partnership ("Seller"), on the other hand.

## R E C I T A L S

A.     Seller's business operations include renting, selling and servicing trench shoring equipment (including hydraulic shoring equipment), trench shielding equipment, trench safety equipment, road plates, lasers, confined space technology (including gas monitors and blowers), slide rail products, sheet pile products and beam and plate products and related parts and supplies from the properties set forth on the Real Property Schedule attached hereto (as currently conducted by the Seller, the "Business").

B.     Seller desires to sell, and Buyer desires to purchase certain assets and rights of Seller as described herein.

C.     Seller will retain responsibility for all accounts payable of the Business created during or relating to any period prior to the Closing Date. Seller also will retain title to and the rights to all accounts receivable of the Business created during and relating to any period prior to the Closing Date, although Buyer will assist Seller with respect to the collection of such receivables as described in this Agreement.

D.     Seller has delivered to Buyer certain Disclosure Schedules (herein so called) of even date with this Agreement referred to herein. The Disclosure Schedules and the Exhibits (herein so called) referred to in this Agreement are a part hereof.

E.     In order to induce Buyer to enter into this Agreement and to consummate the transactions contemplated hereby, the Company desires to guarantee the performance of all obligations, covenants and liabilities of Seller under this Agreement and to be bound by the covenants set forth in Section 5.4 hereof.

F.     Certain capitalized terms used herein are defined throughout the provisions of this Agreement. The page number of this Agreement on which each capitalized term is defined is set forth on the Index of Defined Terms that appears before these recitals.

## ARTICLE 1

### Purchase and Sale of Assets

1.1     Purchase and Sale of Assets. Upon the terms and subject to the conditions contained in this Agreement, and based on the representations, warranties, covenants and agreements set forth herein, Seller hereby sells, conveys, transfers, assigns and delivers to Buyer, free and clear of Liens

(other than Permitted Liens) and free and clear of all Retained Liabilities, and Buyer hereby purchases from Seller, all of the assets, properties and rights of Seller (i) that are listed on <u>Exhibit A</u>, (ii) that are located at, or, within the past twelve months have been rented from or used at, any of the locations listed on the <u>Real Property Schedule</u>, (iii) that are intangible assets identified on the <u>Intellectual Property Schedule</u>, (iv) that are parts and supplies used in the Business and (v) that are other miscellaneous items that are primarily used in the Business (collectively, the "<u>Acquired Assets</u>"). The Acquired Assets also include without limitation the Assumed Contracts. Notwithstanding any other provision of this Agreement to the contrary, the Acquired Assets shall not include those assets, properties or rights described on <u>Exhibit B</u> to this Agreement (collectively, the "<u>Excluded Assets</u>").

1.2     <u>Consideration for Purchase and Sale</u>. As consideration for the purchase and sale of the Acquired Assets, Buyer hereby delivers to Seller $114,340,000 (the "<u>Closing Payment</u>"), by wire transfer of immediately-available funds to the account(s) previously designated in writing by Seller to Buyer. Seller and Buyer acknowledge that the amount of the Closing Payment has been reduced by $160,000, representing the amount of certain bonuses that are to be paid by Buyer to certain employees of Seller pursuant to the Key Employee Agreements.

1.3     <u>Buyer's Assumption of Liabilities and Contracts</u>. Seller hereby assigns and Buyer hereby assumes only the liabilities and obligations of Seller that arise after the Closing Date under the contracts expressly listed on <u>Exhibit C</u> (collectively, the "<u>Assumed Contracts</u>" and such liabilities and obligations, the "<u>Assumed Liabilities</u>"), and no other liabilities or contracts whatsoever for which Seller is liable or by which Seller, any other person or entity or the Acquired Assets are bound as of the date hereof.

1.4     <u>Seller's Retention of Liabilities</u>. Notwithstanding any other provision of this Agreement, Buyer shall not assume, succeed to, be liable for, be subject to, or be obligated for, nor shall the Acquired Assets be subject to any liabilities, claims, contracts or obligations of any nature whatsoever, whether known, unknown, absolute, accrued, contingent or otherwise that Seller is, or could become, subject to or liable for (the "<u>Retained Liabilities</u>"), other than the obligations under the Assumed Contracts that arise after the Closing Date.

The Retained Liabilities are all liabilities, claims and obligations of any nature whatsoever that are not specifically assumed by Buyer under this Agreement, including without limitation all liabilities, claims and obligations arising from or based on contract, breach of contract, warranty, tort, strict liability, the design, manufacture or distribution of products (including without limitation products liability), employment, Environmental Claims, Taxes, the Supply Agreement, law, violation of law, the transfer of the Acquired Assets, or the operation of the Business prior to the date hereof. Notwithstanding Buyer's assumption of the Assumed Contracts, the Retained Liabilities shall include any liabilities, claims or obligations based on Seller's breach or nonperformance of, or misrepresentation under, any Assumed Contract prior to the date hereof.

1.5     <u>Post-Closing Audit; Second Payment</u>.

(a)     <u>Audit Procedures</u>. As soon as practicable after the date of this Agreement, Buyer shall commence an audit of the Acquired Assets, together with such further analysis and

This Agreement has been executed and delivered as of the date first written above.

The Company:

NATIONAL EQUIPMENT SERVICES, INC.

By: _____
Name: _____
Title: _____


The Seller:

NES COMPANIES, L.P.

By:   NES Partners Inc., its
      general partner

By: _____
Name: _____
Title: _____


The Buyer:

UNITED RENTALS (NORTH AMERICA), INC.

By: _____
Name:  John Milne
Title:  Vice Chairman

EXHIBIT F

page 4 of 6

This Agreement has been executed and delivered as of the date first written above.

The Company:

NATIONAL EQUIPMENT SERVICES, INC.

By: _____
Name: Kevin P. Rodgers
Title: President + CEO


The Seller:

NES COMPANIES, L.P.

By:   NES Partners Inc., its
      general partner

      By: _____
      Name: Kevin P. Rodgers
      Title: President + CEO


The Buyer:

UNITED RENTALS (NORTH AMERICA), INC.


By: _____
Name:  John Milne
Title:  Vice-Chairman

## EXHIBIT C

### ASSUMED CONTRACTS

1.  Stock Purchase Agreement between NES East Acquisition Corp. and Glen Ellis, dated as of November 8, 1999.

2.  Noncompetition Agreement between NES Acquisition Corp. and Glen Ellis, dated as of November 8, 1999.

3.  Noncompetition and Release Agreement between Phil Lane and Cantel, Incorporated, dated as of November 8, 1999.

4.  Noncompetition and Release Agreement between Mark Shanders and Cantel, Incorporated, dated as of November 8, 1999.

5.  Purchase Agreement by and among The Plank Companies, L.P., The Plank Companies, Inc., Plank Management, Inc., Michael J. Plank and NES Shoring Acquisition, Inc., dated as of July 31, 1999.

6.  Stock Purchase Agreement, by and among Laser Products, Inc., NES Shoring Acquisition, Inc. and the Shareholders named therein, dated as of June 20, 2000.

7.  All rental contracts entered into in the ordinary course of conducting the Business prior to the Closing Date.

8.  All real estate leases identified on the Real Estate Schedule, other than the leases listed therein that relate to the properties located at 3969 Santa Rosa Avenue, Santa Rosa, California and 4629 S.E. 17th Avenue, Portland, Oregon.

9.  All personal property leases identified on the Personal Property Schedule.

10. All ordinary course of business contracts entered into by Seller in connection with conducting the Business, including contracts with companies providing electricity, telephone, internet, water and similar services that are terminable by Seller upon advance notice of 60 days or less. Such contracts may require consents to be obtained in connection with the closing of the transactions contemplated by the Agreement.

11. License and Technical Assistance Agreement, dated _____, 2001, by and between Trench Shore Limited and NES Trench Shoring.

D-1031876.6

